UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGIA ANN MEJIA FIELD,<br>                                  Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                                  Defendant. | NO.  C3:13-CV-05623-RBL-JLW<br><br><br>REPORT AND<br>RECOMMENDATION |

BASIC DATA

Type of benefits sought:

    (X) Disability Insurance

    (X) Supplemental Security Income – Disability

Plaintiff's:

    Sex: Female

    Age: 48 at alleged onset date; 51 at ALJ hearing

Principal Disabilities Alleged by Plaintiff: depression, anxiety, degenerative joint and disk disease, right carpal tunnel syndrome, headaches, substance abuse (alcohol), right ankle osteoarthritis status post-fracture, and right knee osteoarthritis.

Disability Allegedly Began: July 15, 2008

Principal Previous Work Experience: office helper, cashier

Plaintiff Last Worked: working part-time as Nordstrom cashier at time of ALJ hearing

Education Level Achieved by Plaintiff: high school, some online college course work

REPORT AND RECOMMENDATION - 1

1

## PROCEDURAL HISTORY – ADMINISTRATIVE

2

Before ALJ:

3

Date of Hearing: June 27, 2011

Date of Decision: October 4, 2011

4

Appears in Record at:  AR 10-24

5

Summary of Decision:

6

7

8

9

10

11

Claimant has not engaged in substantial gainful activity since her alleged onset date, July 15, 2008; she has severe impairments of major depressive disorder; anxiety disorder; degenerative joint disease; degenerative disk disease of the lumbar spine; right carpal tunnel syndrome; headaches; substance abuse; right ankle osteoarthritis, status post fracture; and right knee osteoarthritis.  Her impairments, even in combination, do not qualify under the Listings.  Claimant has the residual functional capacity to perform light work, subject to certain limitations.  She can perform her past work of office helper or cashier.  In addition, there are other jobs she is capable of performing such as library page, mail clerk, and marker. The testimony of the Vocational Expert establishes that substantial work she can perform exists in the national economy.  This requires a finding of "not disabled."

12

Before Appeals Council:

13

Date of Decision: May 30, 2013

14

Appears in Record at: AR 1-6

15

Summary of Decision: declined review

16

17

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

18

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

19

20

## RECOMMENDATION OF

## UNITED STATES MAGISTRATE JUDGE

21

22

(X)  Affirm

23

24

REPORT AND RECOMMENDATION - 2

SUMMARY

The ALJ's findings as to Plaintiff's impairments, their severity, her residual functional capacity, and her ability to perform her past relevant work and other specific jobs, are all supported by substantial evidence, both medical and non-medical.  While there is also evidence to support different conclusions in some respects, there is no legal basis for reversing the ALJ's findings.  While Plaintiff has identified a few minor errors by the ALJ, they were harmless, and would not require or support a reversal.  The Commissioner's decision must therefore be affirmed.

## I.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

///

## II.      EVALUATING DISABILITY

As the claimant, Ms. Field bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *See also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

## III.      ISSUES ON APPEAL

1.  Did the ALJ err in assessing the opinions of Doctors Herald, Nelson, Langhofer, McDougall, and Pullen?

2.  Did the ALJ commit reversible error?

Dkt. No. 12 at 1.

///

///

1

IV.     DISCUSSION

2

A.     Medical Record Evidence

3
       The ALJ found Plaintiff retains the RFC for light work with limitations to simple,

4
routine tasks and short, simple instructions in work that needs little or no judgment.  AR at 15-

5
16.  Plaintiff asserts the RFC was reached in error based on improper evaluation of medical

6
evidence from Doctors Herald, Nelson, Langhofer, McDougall, and Pullen.  Dkt. 12 at 3.

7
Defendant argues the ALJ properly evaluated the medical evidence and that any error is

8
harmless.  Dkt. 18 at 22.  The ALJ gave substantial weight to the opinions of the non-

9
examining State agency doctors and less weight to some of the opinions of treating/examining

10
doctors.  AR at 19-22.  The Court finds the ALJ did not commit reversible error.

11
       If a treating doctor's opinion is not contradicted by another doctor (*i.e.*, there are no

12
other opinions from examining or nonexamining sources), it may be rejected only for "clear

13
and convincing" reasons supported by substantial evidence in the record.  *See Ryan v. Comm'r*

14
*of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Lester v. Chater*, 81 F.3d 821, 830

15
(9th Cir. 1996).  If the ALJ rejects a treating or examining physician's opinion that *is*

16
contradicted by another doctor, he must provide specific, legitimate reasons based on

17
substantial evidence in the record.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685,

18
692 (9th Cir. 2009); *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008);

19
*Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th

20
Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *see also* 20 C.F.R.

21
§404.1527(d)(2).  "The ALJ can meet this burden by setting out a detailed and thorough

22
summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

23
making findings." *Magallanes*, 881 F.2d at 751 (internal quotation marks and citation omitted).

24

1    <u>Cheraine Herald, Ph.D.</u>

2        In January and June 2008, Dr. Herald completed psychological/psychiatric evaluations

3    of Plaintiff.  AR at 19.  The ALJ gave some weight to the "moderate" limitations assigned by

4    Dr. Herald because they are consistent with the record, State assessments, and the MSE.  AR at

5    20.  The ALJ discussed Dr. Herald's findings that Plaintiff's depressed mood and anger result

6    in "marked with marked to severe" cognitive and social limitations based on mental status

7    examinations ("MSE") showing Plaintiff could recall objects, has a low frustration tolerance,

8    made some errors on digit span testing, has poor stress tolerance, and that she avoids others.

9    AR at 19, citing AR at 416.  However, the ALJ states four specific reasons for giving less

10   weight to the "marked to severe" limitations:  (1) they are beyond the objective findings of the

11   assessments; (2) they are largely based on Plaintiff's subjective reporting of her symptoms; (3)

12   the brief MSEs were based on Plaintiff's responses while attempting to qualify for benefits;

13   and (4) Dr. Herald diagnosed pathological gambling which is not supported by the record or

14   the State assessments.  AR at 20.

15       Plaintiff asserts error primarily arguing that Dr. Herald's opinions are supported by

16   clinical findings and objective measures.  Dkt. 12 at 4.  Defendant argues that Dr. Herald's

17   findings are largely based on Plaintiff's subjective complaints and because Plaintiff is not fully

18   credible the ALJ appropriately gave the reports reduced weight. Dkt. 18 at 2-4, 7-8.  The

19   parties also debate the significance of the ALJ's description of the MSEs as brief; however, the

20   ALJ does not place emphasis on this aspect; the context is descriptive and therefore not critical

21   to either the ALJ's analysis or conclusion.

22       The ALJ may discount reliance on a controverted physician's opinion if specific and

23   legitimate reasons are given for doing so.  Here, Dr. Herald's opinions are controverted by the

24   State agency physicians who found Plaintiff only mildly to moderately limited.  AR at 22

REPORT AND RECOMMENDATION - 6

citing AR 618, 622-24, 723.  The ALJ found the "marked to severe" limitations opined by Dr.
Herald beyond the objective findings of the assessments and largely based on Plaintiff's
reporting.  AR at 20.  Dr. Herald completed standard forms and MSEs for both examinations.
AR at 396-404, 415-422.  Defendant argues in support of the ALJ's finding that the limitations
identified by Dr. Herald are based in large part on Plaintiff's reports.  Upon review of the
documents, which are notably difficult to read or illegible where Dr. Herald makes hand-
written notations, the Court does not find evidence contrary to the ALJ's cited reasons.  Dr.
Herald's conclusions are based on some testing and observation but also rely on Plaintiff's own
report of her symptoms.  The ALJ notes that Plaintiff underwent evaluation to qualify for
benefits.  While this alone is not a valid reason to dismiss the test results, here it is a relevant
factor because the ALJ found Plaintiff highly unreliable and not credible.  AR at 16-18.

Plaintiff does not dispute the ALJ's adverse credibility finding (Dkt. 20 at 1-2) but it is
relevant in the context of her subjective reports to doctors and testing that is within her power
to manipulate.  Some of the testing depends on Plaintiff answering questions and performing
tasks such as counting by threes and remembering objects, the results of which are within
Plaintiff's control.  The ALJ finds multiple inconsistencies between Plaintiff's allegations of
pain and disability compared to her activities of daily living as well as medical and psychiatric
evidence, finding significant that: (1) Plaintiff received unemployment benefits during the
same period she claims she was disabled, noting that unemployment and disability claims are
fundamentally inconsistent; (2) there are probable issues of secondary gain based on Plaintiff's
admissions to counselors regarding her large debt, frequent casino gambling, and mood
symptoms related to her financial trouble; and (3) Plaintiff's participation in robust daily
activities, including receiving a high grade for an online college class, walking, going to the
gym, running, managing her own self care, and providing full-time care to her brother.  AR at

1    18.  Though Plaintiff does not dispute this information, it is relevant in the context of her

2    subjective reporting to her providers.  Here, Dr. Herald, took some measurable clinical data,

3    however her opinion regarding work limitations, the ALJ believes, was influenced heavily by

4    Plaintiff's own reporting, a legitimate conclusion.  The ALJ's fourth reason for giving less

5    weight to the marked/severe limitations is Dr. Herald's unsupported diagnosis of pathological

6    gambling, which further shows the doctor's reliance on Plaintiff's reports and sheds doubt on

7    the more extreme limitations.  Accordingly, the Court finds ALJ's cited reasons for placing

8    little weight on the greater limitations found by Dr. Herald are specific and legitimate and

9    based on substantial evidence in the record.

10              Paul Nelson, Ph.D.

11        Plaintiff likewise asserts error in the ALJ's giving reduced weight to Dr. Nelson's

12   psychological evaluation of May 2009.  Dkt. 12 at 5-6 citing AR at 19-20.  The ALJ notes that

13   Dr. Nelson performed the same standard evaluation as Dr. Herald, "but found only moderate

14   cognitive limitations based on some problems concentrating, difficulty performing serial threes

15   and sevens and recent memory impairment."  AR at 19 citing AR at 441-42.  Regarding social

16   problems, the ALJ notes Dr. Nelson's finding of "marked limits, based on severe depression

17   symptoms, mood swings and dissociation episodes."  AR at 19.  Based on the MSE, Dr.

18   Nelson found no limitations in activities of daily living, and that Plaintiff could recall objects

19   but had some difficulty with delayed recall.  The ALJ notes that "despite these findings, [Dr.

20   Nelson] thought the claimant's symptoms were treatable."  AR at 20.  As with Dr. Herald, the

21   ALJ assigned less weight to Dr. Nelson's "marked" findings because they are beyond the

22   objective findings during the assessments, mostly based on Plaintiff's subjective reporting of

23   her symptoms, and the testing was done under circumstances of attempting to qualify for

24   benefits by a person with limited credibility.  Based on the record, the Court finds no error with

these reasons.  However, the ALJ also incorrectly notes that Dr. Nelson found Plaintiff "capable of engaging in pre-employment activities, indicating she is functional enough to seek employment, which is consistent with the record."  AR at 20.   Defendant concedes that the ALJ erred in this regard because the statement is not in Dr. Nelson's report but in the report of Dr. Pullen, discussed below.  The Court finds this mistake a harmless error.  ALJ's decisions will not be reversed for errors that are harmless.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).  The ALJ's remaining reasons for giving reduced weight to Dr. Nelson's reports are specific, legitimate, and supported by substantial evidence in the record.

Rachelle Langhofer, Ph.D.

Plaintiff asserts the ALJ erred in giving little weight to Dr. Langhofer's finding of "marked to severe" limits.  Dkt. 12 at 6-8, Dkt. 20 at 5-7.  The ALJ gave "some weight" to the May 2010 evaluation by Dr. Langhofer, but where the doctor found marked to severe limits, the ALJ gave four reasons for discounting the findings: (1) Dr. Langhofer did not find any limits with daily activities; (2) Dr. Langhofer found Plaintiff could perform a three-step task and complete serial 7s; (3) the marked/severe limits are beyond the moderate limits found by the State; and (4) Plaintiff's contradictory report to Dr. Langhofer that recent therapy had not improved her symptoms, whereas she had elsewhere reported that it did.  AR at 21.  Defendant concedes the ALJ erred in noting that Dr. Langhofer did not find any limits with daily activities.  Dr. Langhofer checked the "impaired" box in the activities of daily living assessment for money management, transportation, and friends/socialization.  AR at 716.  Dr. Langhofer did not check the impaired boxes for hygiene/grooming, cooking/shopping, or cleaning/laundry.  The Court finds this error is harmless because, disregarding this factor, the remaining reasons the ALJ notes are sufficient.

1       Plaintiff correctly notes that the ALJ's finding that Dr. Langhofer's opinion is

2   contradicted by the State merely lowers the standard of review from "clear and convincing" to

3   "specific and legitimate."  Dkt. 12 at 7.  Beyond that, two specific and legitimate reasons

4   remain: Plaintiff's test results showing her capabilities, and her inconsistent reporting of

5   symptoms post-therapy.  The ALJ also gives significant weight to Dr. Langhofer's opinion that

6   Plaintiff is capable of working.  AR at 21.  Plaintiff disputes this reason, arguing that Dr.

7   Langhofer only found she could work part-time.  However, the record reflects that Dr.

8   Langhofer opined, "this patient appears capable of easy repetitive tasks (clerical or labor), in an

9   organized setting, disregarding her physical health problems."  AR at 712.  Then, in Dr.

10  Langhofer's summary, she finds Plaintiff is "chronically mentally ill.  She appears capable of

11  working (likely part-time), disregarding her physical health issues, and provided she receives

12  medications and therapy.  [Plaintiff] reports she has not benefitted from her most recent

13  therapy; if she felt benefitted from therapy she would be likely to improve compared to her

14  overall functioning at present."  AR at 714.  Thus, Dr. Langhofer's notes show the ALJ

15  appropriately represented the doctor's opinion regarding Plaintiff's work capabilities and

16  supports the ALJ's reasoning regarding Plaintiff's contradictory statements about the

17  effectiveness of her recent therapy.  Plaintiff was admitted to therapy from August 2009

18  through February 2010; discharge notes indicate a positive outlook for Plaintiff and that she

19  found the treatment helpful in coping with her anxiety and depression.  AR at 559, 563.

20      Finally, Plaintiff and Defendant devote much of their briefing on the extent to which

21  Dr. Langhofer's report is based on Plaintiff's subjective reporting and the impact of Plaintiff's

22  credibility problems.  However, unlike with several other doctors' reports, here the ALJ did not

23  cite subjective reporting as a reason to place little weight on Dr. Langhofer's conclusions.  The

24  Court notes Dr. Langhofer's report is replete with entries indicating the information is heavily

1   based on Plaintiff's reporting. AR at 710-12. Regardless, the Court finds the ALJ's decision

2   to assign reduced weight to the more extreme findings of Dr. Langhofer's opinion is based on

3   specific and legitimate reasons that are supported by substantial evidence in the administrative

4   record. Accordingly, the ALJ's decision to give the evaluation reduced weight is not in error.

5          Rachael McDougall, Psy.D.

6          Plaintiff asserts the ALJ erred by ignoring objective psychological test evidence that

7   shows she does not have the capabilities assessed in her RFC. Plaintiff argues the ALJ ignores

8   significant and probative evidence by failing to discuss five test scores from Dr. McDougall's

9   July 2011 evaluation that indicate Plaintiff is in "borderline" and "extremely low" categories,

10  and in failing to consider their impact in the RFC assessment. Dkt. 12 at 8-10 citing AR at

11  834-53. Defendant argues the ALJ did not ignore significant and probative evidence because

12  there is no requirement that the ALJ discuss each individual test score and that regardless they

13  do not indicate additional RFC limitations are necessary. The Court agrees. Plaintiff argues

14  that because the results in the borderline and extremely low categories show that she scores

15  only better than 0.4%, 2%, 3%, and 4% of her peers, respectively, the ALJ should have

16  discussed each particular score explaining why it does not interfere with her ability to work.

17  The Court finds the RFC does make allowances for lower functioning: the ALJ found Plaintiff

18  only able to "perform simple, routine tasks and follow short, simple instructions. The claimant

19  can perform work that needs little or no judgment and could perform simple duties that can be

20  learned on the job in a short period. The claimant would have the average ability to perform

21  sustained work activities (*i.e.* can maintain attention and concentration; persistence and pace)

22  in an ordinary work setting…" AR at 15-16. Plaintiff believes the foregoing RFC limitations

23  do not reflect her lowest scores; however, the ALJ's decision will not be overturned where it is

24  based on substantial evidence. The ALJ assigned "significant weight to [Dr. McDougall's]

REPORT AND RECOMMENDATION - 11

1    evaluation because objective testing was performed that showed relatively few limitations that

2    would interfere with [Plaintiff's] ability to work." AR at 21. Dr. McDougall gives a 20-page

3    highly detailed psychological evaluation of Plaintiff. AR at 834to 854. The ALJ is not

4    required to discuss each element therein. The ALJ also found significant Dr. McDougall's

5    observations that Plaintiff performed better on serial sevens counting than serial threes, an

6    unusual result because the serial seven task is more difficult, and that Plaintiff displayed a

7    higher than expected rate of forgetting, given her immediate memory performance. AR at 21.

8    Further, the ALJ noted Dr. McDougall's overall testing summary indicates Plaintiff is within

9    normal ranges, although often in the low average range and that "Dr. McDougall opined that

10   despite cognitive testing in the low average range, the [Plaintiff] was able to graduate from

11   high school and engage in a substantial history of employment." AR at 21 citing AR at 850.

12   Reliance on Dr. McDougall's description of Plaintiff's general cognitive ability as in the "low

13   average range of intellectual functioning" based on aggregate testing is reasonable and not

14   counter to any of the individual subscores Plaintiff argues. AR at 841. The Court finds the

15   ALJ's reliance on Dr. McDougall's testing and opinion is based on specific and legitimate

16   reasons supported by substantial evidence.

17         Edward Pullen, M.D.

18         Plaintiff asserts the ALJ erred in rejecting Dr. Pullen's opinion that she is limited to

19   sedentary work, instead finding her capable of light work with additional limitations. Dkt. 12

20   at 10-12. Plaintiff argues this distinction is important because the Social Security grid rules

21   note vocational difficulty for persons over 50 years adjusting to sedentary work if they are

22   incapable of performing their past work. Dkt. 12 at 11. Plaintiff believes that Dr. Pullen's

23   opinion that she is capable of sedentary work, in conjunction with the preclusion of the grid

24   rule because she recently turned 50 should result in a finding of disability. Dkt. 12 at 11.

Specifically, Plaintiff argues the ALJ did not properly assess Dr. Pullen's MRI-related opinion that she is limited to sedentary work.  Dr. Pullen's opinion that Plaintiff is limited to sedentary work is controverted by the State agency physician's RFC determination that she is capable of light work based on mild imaging and her ability to run/walk, go to the casino, and attend online college classes.  AR at 20, 22.  Thus, the ALJ must provide only "specific and legitimate" reasons for not relying on Dr. Pullen's opinion.  Here, the ALJ gave six specific reasons for giving less weight to Dr. Pullen's evaluations: (1) the imaging submitted only reveals mild to moderate symptoms; (2) the updated MRI from 2010, when compared to 2008 imaging, did not show interval change; (3) the mild to moderate findings are inconsistent with a sedentary or severely limited work level; (4) Dr. Pullen's functional assessment that Plaintiff's condition was stable, she could lift and/or carry up to twenty pounds and stand/sit up to three hours, is inconsistent with a severely limited work level, which is defined as unable to stand/walk or lift two pounds; (5) Dr. Pullen's opined work levels are not consistent with State assessments that Plaintiff could perform a light level of work; and (6) Dr. Pullen's opined severely limited work level appears to incorporate depression, which is not a factor in determining physical work limitations, and seems to indicate the depression limit was subjective.  AR at 20.   The ALJ also found significant that Dr. Pullen noted Plaintiff would be able to participate in pre-employment activities, and, in March 2011 Dr. Pullen found Plaintiff's condition stable, that she could sit and stand for three hours out of an eight-hour workday, lift/carry twenty pounds occasionally and ten pounds frequently, and did not list any postural, fine motor skill, or environmental restrictions.  AR at 20 citing AR at 425-28, 432-36, 447-520, 733-37, 755-60.  Plaintiff disagrees with the ALJ's conclusions; however, the Court finds no error in their basis.  Each of the ALJ's specifically stated reasons for rejecting Dr. Pullen's opinion of sedentary work in favor of limited light work are legitimately based on

1  substantial evidence in the administrative record.  Moreover, the Court notes that throughout

2  the record Plaintiff and her providers indicate it is difficult for her to sit and that she performs

3  better physically and mentally when she is able to walk and move around.

4          B.    The ALJ did not commit harmful, reversible error.

5          Plaintiff asserts the errors she assigns to the ALJ's decision are not harmless and

6  warrant remand.  Dkt. 12 at 12-13.  The Court does not agree with Plaintiff's assignment of

7  errors except as noted above that are deemed harmless and therefore not reversible.  The ALJ's

8  decision will be disturbed only if it is not supported by substantial evidence or is based on legal

9  error.  *See* 42 U.S.C. § 405(g).

10                      V.     CONCLUSION

11          For the foregoing reasons, the Court recommends that this case be AFFIRMED and the

12  case DISMISSED.  A proposed order accompanies this Report and Recommendation.

13          Objections to this Report and Recommendation, if any, must be filed with the Clerk

14  and served upon all parties to this suit no later than fourteen (14) days after the date on which

15  this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall

16  note this matter for the earliest Friday after the deadline for objections, as ready for the

17  Court's consideration. Failure to file objections within the specified time may affect your

18  right to appeal.

19  ///

20  ///

21  ///

22  ///

23  ///

24

1   If objections are filed, any response is due within fourteen (14) days after being served with

2   the objections.  A party filing an objection must note the matter for the court's consideration

3   fourteen (14) days from the date the objection is filed and served.  Objections and responses

4   shall not exceed twelve pages.

5           DATED this 30th day of May, 2014.

6

7

8                                                    _____
                                                     JOHN L. WEINBERG
9                                                    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 15